UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIIL BANDARENKA, (A#216-903-793),<br><br>           Petitioner,<br><br>    v.<br><br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>           Respondents. | No.  1:26-cv-02295-DAD-SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that when he was a juvenile, petitioner was released by ICE premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  ECF No. 2 at 28.  While on release, petitioner did not commit any crimes and materially complied with conditions of release.  ECF No. 2.  Petitioner is not subject to a final order of removal.  Id.  Petitioner has a derivative asylum case pending based upon his father's past persecution in Belarus due to his political opinion.  Id.  In their answer, respondents do not distinguish this case from the prior orders issued by this Court finding a due process violation based on similar material facts.  ECF No. 7 at 2.  Considering all of these factors, and

1

consistent with the court's reasoning and ruling in Chavarria v. Chestnut, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), the court finds that petitioner's Fifth Amendment right to procedural due process was violated by his redetention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence.

Respondents' motion to dismiss all respondents beyond the warden should be denied because the petition is styled as both a petition for writ of habeas corpus and a complaint for declaratory and injunctive relief. The undersigned does not read the immediate custodain holding in Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024), to prevent a habeas petitioner from naming other respondents—who are then functionally defendants—when proceeding on a hybrid habeas petition and civil complaint. See, e.g., Roman v. Wolf, 977 F.3d 935 (9th Cir. 2020) (affirming district court's grant of habeas relief and other injunctive relief on hybrid habeas petition and complaint against various defendants-respondents).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on count two based on a violation of the Fifth Amendment's Procedural Due Process Clause.[1]

2. Respondents immediately release petitioner from custody with the same conditions he was subject to immediately prior to his detention on February 9, 2026.

3. Respondents shall not re-detain petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator.

4. Respondents' motion to dismiss (ECF No. 8) be denied because the petition is styled as both a petition for writ of habeas corpus and complaint for declaratory and injunctive relief.

5. The Clerk is directed to serve the **California City Detention Facility** with a copy of this Order.

6. This order does not address the circumstances in which Respondents may detain

---

[1] In the interests of judicial economy, all remaining claims in the § 2241 petition are not addressed herein.

Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3