UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIIL BANDARENKA, | No. 1:26-cv-02295-DAD-SCR |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS*, AND DENYING RESPONDENTS' MOTION TO DISMISS |
| WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al., | |
| Respondents. | |
| | (Doc. Nos. 1, 8, 10) |

Petitioner is a federal immigration detainee proceeding through counsel with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 6, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be granted. (Doc. No. 13.) Specifically, the assigned magistrate judge found that, because petitioner was previously released by immigration authorities, petitioner's re-detention violated procedural due process pursuant to the court's reasoning in *Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025). (Doc. No. 13 at 1–2.) The magistrate judge further found that respondents' motion to dismiss all respondents other than petitioner's immediate custodian

1

should be denied because petitioner is not foreclosed from naming respondents who are functionally defendants when proceeding via hybrid writ of habeas corpus and complaint for declaratory and injunctive relief. (*Id.* at 2.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 3.) On April 13, 2026, respondents filed objections to the magistrate judge's findings and recommendations. (Doc. No. 11.) Respondents object on the following three grounds: (1) respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), not discretionary detention under § 1226(a), and therefore his re-detention did not violate due process; (2) respondents re-assert their arguments stated in their motion to dismiss; and (3) respondents argue that petitioner is not entitled to his immediate release but, at most, a bond hearing. (Doc. No. 11 at 1–2.)

With regard to respondents' first objection, petitioner has provided evidence that he was paroled into the United States on May 10, 2022. (Doc. No. 2 at 28.) Petitioner has alleged that he was re-detained without any individualized determination that his detention was necessary to serve a legitimate government interest. (*Id.* at 7.) Respondents do not dispute this allegation. (Doc. Nos. 7, 11.) As noted by the magistrate judge, this court has previously found that a petitioner who has been paroled into the United States obtains a liberty interest in their continued release and is entitled to due process protections in the event of his or her re-detention. *See Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025). This objection advanced by respondents does not provide a basis upon which to reject the pending findings and recommendations.

With regard to respondents' second objection to the magistrate judge's recommendation that respondents' motion to dismiss be denied, respondents object for the reasons stated in their motion to dismiss. These objections do not provide a basis upon which to reject the pending findings and recommendations. The court notes that respondents' motion to dismiss was limited to specific respondents and rests completely on the decision in *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024). (Doc. No. 7.) The court in *Doe* held that the district court erred by exercising

2

jurisdiction over the petitioner's habeas petition "because Doe failed to name his immediate custodian as respondent to his petition and filed the petition outside the district of his confinement." *Doe*, 109 F.4th at 1199.  Here, respondents have not moved to dismiss on the basis that petitioner failed to name his immediate custodian or that he filed the petition outside the district of his confinement.  (Doc. No. 7.)

With regard to respondents' third objection, the court incorporates its reasoning in *Anderson, v. Chestnut, et al.*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990 (E.D. Cal. Mar. 24, 2026), where the court explained that post-detention process is not a substitute for the pre-detention process a person is owed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.  Moreover, the undersigned concludes that none of respondents' objections to those findings and recommendations are well-taken.

For the reasons explained above:

1. The findings and recommendations (Doc. No. 10) are ADOPTED IN FULL;

2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Daniil Bandarenka, A-File No. 216-903-793, on the same conditions he was subject to, if any, prior to his re-detention on or about February 9, 2026;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, where respondents will have the burden of establishing that petitioner is either a flight risk or danger by clear and convincing evidence; and

3. The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

/////

3

4.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 17, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE